UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFERY CHARLES GOERL,

          Plaintiff,

v.                                     Case No. 8:19-cv-3024-T-30AEP

ANDREW M. SAUL,
Commissioner of Social Security,

          Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of the denial of his claim for a period of disability, and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, it is recommended that the Commissioner's decision be affirmed.

## I.

### A.    Procedural Background

Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") (Tr. 218-222). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 91-93, 97-102). Plaintiff then requested an administrative hearing (Tr. 105). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 35-68). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 14-34). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 195-196, 1-8). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1985, claimed disability beginning November 3, 2015 (Tr. 17, 257). Plaintiff obtained a high school education (Tr. 26, 258). Plaintiff's past relevant work experience included work as a police officer, automotive generator, and starter repairer (Tr. 26). Plaintiff alleged disability due to degenerative disc disease, lumbosacral spine, right wrist condition, left find finger strain, left and right knee patellofemoral syndrome, left shoulder degenerative joint disease, sleep apnea, and right hip movement issue (Tr. 257).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through March 31, 2020 and had not engaged in substantial gainful activity since November 3, 2015, the alleged onset date (Tr. 19). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease (hips), obesity, obstructive sleep apnea, and arthritis (Tr. 19). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 20). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform:

> [S]edentary work as defined in 20 CFR 404.1567(a) except the claimant may only frequently reach overhead and in all other directions with the right dominant arm. The claimant may only occasionally reach overhead with the left non-dominant arm, but may frequently reach in all other directions with the left non-dominant arm. He can only frequently handle and finger bilaterally. The claimant can only occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, and may occasionally balance, stoop, kneel, crouch, and crawl. The claimant may only occasionally work at unprotected heights and around moving mechanical parts and occasionally work around extreme cold, extreme heat, and vibration. The claimant is limited to performing simple, routine tasks, making simple work-related decisions, and can frequently interact with and respond appropriately to supervisors, coworkers, and the general public. Finally, the

2

> claimant requires a cane when walking but would have the use of the other
> hand to lift and carry items

(Tr. 21-22).   In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 22-23).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 26).  Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a call out operator and a charge account clerk (Tr. 27).   Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 27).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The SSA, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is

found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a

rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (citation omitted). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III.

Plaintiff argues that the ALJ erred in his evaluation of Plaintiff's use of a walker and as such, the ALJ's decision is not supported by substantial evidence. For the following reasons,

the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

Specifically, Plaintiff contends that the ALJ improperly substituted his own opinion for that of the medical professional in determining that Plaintiff's use of a walker was not required. As a result, the ALJ also failed to properly consider Plaintiff's use of a walker when rendering Plaintiff's RFC as well as failed to include that limitation in the hypothetical question posed to the Vocational Expert. Conversely, the Commissioner contends that the ALJ applied the correct legal standards and his decision is supported by substantial evidence as the ALJ determined that Plaintiff was provided a walker for the limited purpose of facilitating his rehabilitation, thus it was not required.

Here, the ALJ reviewed the treatment notes of Plaintiff's physical therapist, Veronica S. Valencia, DPT, and found:

> [T]he VA medical records indicate that he [Plaintiff] was prescribed a walker but the medical evidence indicates that this was provided for the claimant by the physical therapist, Dr. Veronica Valenzuela during a March 2019 visit. Specifically, the treatment record indicates that the claimant had excellent rehabilitation potential and that the walker was provided so that the claimant could practice walking long distances in order to reach the physical therapy goal of being able to walk one mile. (Ex 23F/5 l). While the claimant appeared at the hearing using a walker, my review of the record does not support a conclusion that the use of this walker is required. The record does show that his treating physicians have found that the claimant requires a cane to ambulate. (Ex 24F/22) and such cane was made a part of the claimant's RFC

(T. 25). Indeed, an "ALJ abuses his discretion when he substitutes his own uninformed medical evaluations for those of a claimant's treating physicians: 'Absent a good showing of cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the Secretary.'" *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992) (Johnson, J., concurring); *see also Hillsman v. Bowen*, 804 F.2d 1179, 1182 (11th Cir. 1986) (finding substantial evidence did not support the ALJ's decision, as the ALJ cannot reject the

opinions of the treating physician and reach a different conclusion based upon circumstantial evidence).

Upon review of the record, only Plaintiff's physical therapist, Veronica S. Valencia, DPT, provided Plaintiff with a walker. The record reflects that in March of 2019, Plaintiff visited Ms. Valencia once for a physical therapy session (T. 1279-1281). During this visit, Ms. Valencia opined that Plaintiff had excellent rehabilitative potential and set forth the goal of Plaintiff being able to walk one mile with pain at a level of 4/10 (T. 1281). Ms. Valencia provided Plaintiff with a rollator to "allow forward flexed ambulation and improve gait velocity and distance tolerance x10" (T. 1280). Based upon this opinion, the ALJ determined that Plaintiff's use of a walker was not required and reasoned that the walker was provided as a temporary assistive device for the purpose of facilitating Plaintiff's potential for rehabilitative success and reaching his therapeutic goals. "To find that a hand-held assistive device, such as a walker, is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)" *Norman v. Comm'r of Soc. Sec.*, 2015 WL 4397150, at *5 (M.D. Fla. July 16, 2015) (citing *Wright v. Colvin*, 2014 WL 5591058, at *4 (S.D. Ga. 2014). (quoting SSR 96–9p, 1996 WL 374185, at *7) (internal quotations omitted). "Moreover, a prescription or the lack of a prescription for an assistive device is not necessarily dispositive of medical necessity." *See Id.* (citing *Staples v. Astrue*, 329 F. Appx. 189, 191 (10th Cir. 2009).

Upon review of the treatment notes, the ALJ did not substitute his own opinion for that of Ms. Valencia. Ms. Valencia did opine that Plaintiff had excellent rehabilitative potential, and the record does support the conclusion that Ms. Valencia provided the rollator for the purposes

of facilitating Plaintiff's rehabilitative goals, such as walking one mile with a minimal pain level. Additionally, the record does not support, and Plaintiff has failed to demonstrate, that a walker is required. Notably, the record lacks any prescription or treatment notes requiring Plaintiff to use a walker. In fact, the only other mention of Plaintiff's usage of a walker is in the treatment notes of Dr. Aida Jimenez of Ability Sports Medicine. Dr. Jimenez merely notes that Plaintiff intermittently used a "W/C, electric scooter, and SPC" while at home (T. 981). Dr. Jimenez did not provide a prescription for those assistive devices nor did he provide any treatment notes that indicate that Plaintiff is required to use those devices (T. 963-1007). Rather, numerous medical opinions discuss Plaintiff's usage of a cane in order to ambulate (T. 903, 911, 924, 927, 963, 1167). As such, the ALJ opined that Plaintiff, based upon his continued usage, required a cane to ambulate and subsequently included that limitation in Plaintiff's RFC. (T. 25); *Norman,* 2015 WL 4397150, at *5. Substantial evidence supports the ALJ's determination that Plaintiff required a cane to ambulate, rather than a walker, and thus the ALJ did not err in his determination that Plaintiff's usage of a walker was not required.

## IV.

Accordingly, for the foregoing reasons, it is hereby

RECOMMENDED:

1. The decision of the Commissioner be affirmed.

2. The Clerk be directed to enter final judgment in favor of the Commissioner and close the case.

IT IS SO REPORTED in Tampa, Florida, on this 20th day of November, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

cc:     Hon. James S. Moody
        Counsel of Record